IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: <br><br> JOEME JEREOS RAMOS,<br>　　　　　　Debtor <br><br> JOEME JEREOS RAMOS,<br>　　　　　　Plaintiff <br><br> vs. <br><br> M&T BANK,<br>　　　　　　Defendant | CHAPTER 13 <br><br> CASE NO. 5:11-bk-1583-JJT <br><br> ADVERSARY NO. |

## COMPLAINT

1. Plaintiff, Joeme Jereos Ramos, is the debtor in the underlying bankruptcy case.

2. Defendant, M&T Bank ("M&T"), is the servicer of Plaintiff's mortgage.

3. Jurisdiction of this Court is proper pursuant to 28 U.S.C. § 157(b)(1), in that this action arises under the Chapter 13 bankruptcy case *In re Joeme Jereos Ramos* filed in this district and division at docket 5:11-bk-1583-JJT.

4. Count 1, Count 2, and Count 3 are core proceedings. Count 4 is not core. If necessary, Plaintiff will file a motion to withdraw the reference for Count 4 at an appropriate time.

5. Plaintiff consents to the Court entering a final judgment on all counts in this action.

6. Plaintiff filed his chapter 13 bankruptcy case on March 7, 2011.

7. That same day, an order for relief was entered in this case, pursuant to 11 U.S.C. § 301, thus triggering an automatic stay, pursuant to 11 U.S.C. § 362(a), of most debt collection actions against the debtor.

8. Shortly after the bankruptcy case was filed, the original servicer of Plaintiff's mortgage was notified of the bankruptcy case.

9. M&T had notice of Plaintiff's bankruptcy case no later than November 8, 2013. That is the date on which M&T filed a notice, pursuant to Bankruptcy Rule 3001(e)(2), indicating that M&T was the transferee of the claim secured by Plaintiff's mortgage.

10. As part of his bankruptcy case, Plaintiff sought to cure a mortgage default under 11 U.S.C. § 1322(b)(5).

## Count 1- Violation of the Automatic Stay

11. The foregoing paragraphs are incorporated herein.

12. Upon the filing of the bankruptcy petition, a bankruptcy estate was established pursuant to 11 U.S.C. §§ 541 and 1306.

13. The bankruptcy estate includes all "earnings from services performed by the debtor after the commencement of the case . . . ." 11 U.S.C. § 1306.

14. On April 5, 2016, the Court granted Plaintiff a discharge.

15. Thereafter, on or about April 7, 2016, Defendant transferred $876.00 from the debtor's suspense account, and applied it to attorney's fees and costs that Defendant had incurred when it filed a motion for relief from the automatic stay ("the Attorney's Fees").

16. Prior to April 7, 2016, Defendant had never disclosed to Plaintiff or his counsel that it was charging Plaintiff the Attorney's Fees.

17. Prior to April 7, 2016, Defendant had never disclosed to the Trustee that it was charging Plaintiff the Attorney's Fees. The factual contentions in this paragraph will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

18. Prior to April 7, 2016, Defendant had never sought approval of the Attorney's Fees under Federal Rule of Bankruptcy Procedure 2016.

2

19. The funds Plaintiff used to pay the mortgage were earnings from services he performed after the commencement of the case, and were therefore property of the estate.

20. By applying Plaintiff's earnings to the Attorney's Fees, rather than to the installments owed under the note, M&T reduced the Plaintiff's ability to pay either reasonable or necessary costs for his support or the amounts due under his plan.

21. Satisfaction of the Attorney's Fees constituted a taking of property of the estate, and impacted Plaintiff's ability to comply with the terms of the plan.

22. Thus, Defendant violated 11 U.S.C. § 362(a)(3) when it paid the Attorney's Fees out of property of the estate—namely funds that were earned by Plaintiff post-petition. *See, e.g., In re Myles*, 395 B.R. 599 (Bankr. M.D. La. 2008)(collecting cases which held that misapplying payments in a chapter 13 bankruptcy constitutes a violation of the automatic stay).

23. A violation of the automatic stay is enforceable through 11 U.S.C. § 362(k).

WHEREFORE, Plaintiff demands judgment against Defendant for actual damages, punitive damages, attorney's fees, and such other and further relief as the Court deems just and proper.

## Count 2- Violation of the Terms of the Confirmed Plan

24. The foregoing paragraphs are incorporated herein.

25. On August 3, 2011, Plaintiff filed a Second Amended Chapter 13 Plan (Doc. 27), which was confirmed by the Court on September 19, 2011 (Doc. 36).

26. On April 30, 2014, Plaintiff filed a motion to modify the confirmed plan (Doc. 70), and this motion was granted on May 28, 2014 (Doc. 78).

27. By seeking to collect the Attorney's Fees, Defendant violated the terms of both of these Chapter 13 plans ("the Plans").

28. The Plans contained identical language imposing a duty on the mortgagee to timely notify the debtor of certain fees, expenses, or charges accrued during the bankruptcy case on the Account.

29. Specifically, paragraph 8(A)(8) of the Plans provided that:

> e. The holder and/or servicer of a *Realty Arrears* claim shall provide a notice itemizing any fees, expenses, or charges which have accrued during the bankruptcy case on the mortgage account and which the holder and/or servicer contends are 1) allowed by the note and security agreement and applicable nonbankruptcy law, and 2) recoverable against the debtors or the debtors' account. The notice shall be sent annually, beginning within 30 days of the date one year after entry of the initial plan confirmation order, and each year thereafter during the pendency of the case, with a final notice sent within 30 days of the filing of the trustee's final account under Bankruptcy Rule 5009. The notice shall be 1) sent by United States mail, postage prepaid, to the debtors, debtors' attorney and trustee or 2) provided as an attachment to an amended proof of claim filed with the clerk.
>
> f. This paragraph shall apply only if the amounts disclosed pursuant to subparagraph (e) were not included on an attachment to an amended proof of claim filed with the clerk. In such event, within 30 days of written request from Debtor's counsel, the holder or servicer of the claim shall file an amended claim seeking (1) the amounts identified on the disclosure provided pursuant to subparagraph (e); and (2) all subsequent additional amounts that the holder or its servicer alleges have accrued on the account through the date on which the amended claim is filed.
>
> h. The failure of a holder and/or servicer to comply with subparagraphs (e) and (f) for any given year of the case's administration shall be deemed a waiver for all purposes of any claim for fees, expenses or charges accrued during that year, and the holder and/or servicer shall be prohibited from collecting or assessing such fees, expenses or charges for that year against the debtors or the debtors' account during the case or after entry of the order granting a discharge. The preceding sentence shall be of no effect if the fees, expenses or charges are otherwise approved by bankruptcy court order.

(Doc. 70-1 at ¶ 8(A)(8)(e), (f), (h); Doc. 27 at ¶ 8(A)(8)(e), (f), (h).)

4

30. Upon confirmation, the terms of the plan became a binding contract between the parties. 11 U.S.C. § 1327(a); *see generally United Student Aid Funds, Inc. v. Espinoza*, 559 U.S. 260 (2010).

31. Thus, if Defendant wished to charge Plaintiff for the Attorney's Fees, it was required to include those fees in the annual notice required by ¶ 8(A)(8)(e) of the Plans.

32. Defendant never provided included the Attorney's Fees in an annual notice of the type required by ¶ 8(A)(8)(e) of the Plans.

33. Defendant's failure to include the Attorney's Fees in an annual notice constitutes a waiver of those fees pursuant to ¶ 8(A)(8)(h) of the Plans.

34. Thus, by collecting the Attorney's Fees through the application of funds held in Plaintiff's suspense account, Defendant violated the terms of the Plans.

35. A violation of 11 U.S.C. § 1327 is enforceable through 11 U.S.C. § 105. *See In re Padilla*, 389 B.R. 409 (Bankr. E.D. Pa. 2008).

WHEREFORE, Plaintiff demands judgment against Defendant for damages, attorney's fees, and such other and further relief as the Court deems just and proper.

**Count 3- Violation of Federal Rule of Bankruptcy Procedure 2016**

36. The foregoing paragraphs are incorporated herein.

37. Defendant also failed to comply with Bankruptcy Rule 2016(a) when it charged and collected the Attorney's Fees without first filing the required application.

38. A violation of Bankruptcy Rule 2016 is enforceable through 11 U.S.C. § 105. *See In re Sanchez*, 372 B.R. 289, 311 (Bankr. S.D. Tex. 2007)

WHEREFORE, Plaintiff demands judgment against Defendant for damages, attorney's fees, and such other and further relief as the Court deems just and proper.

### Count 4- Violation of the Fair Debt Collection Practices Act

39. The foregoing paragraphs are incorporated herein.

40. M&T began servicing Plaintiff's mortgage while Plaintiff was in default on his mortgage.

41. M&T is a "debt collector," as that term is defined in 15 U.S.C. § 1692a(6).

42. Plaintiff is a "consumer," as that term is defined 15 U.S.C. § 1692a(3).

43. The mortgage M&T was servicing is a "debt," as that term is defined in 15 U.S.C. § 1692a(5).

44. M&T violated 15 U.S.C. § 1692e(2) by falsely representing the character, amount, or legal status of the mortgage.

WHEREFORE, Plaintiff demands judgment against Defendant for damages, attorney's fees, and such other and further relief as the Court deems just and proper.

s/ Brett Freeman
Brett Freeman
Bar Number PA308834
Attorney for Plaintiff
Sabatini Law Firm, LLC
216 N. Blakely St.
Dunmore, PA 18512
Phone (570) 341-9000
Facsimile (570) 504-2769
Email bfecf@sabatinilawfirm.com
